## Commonwealth *v.* Diamond, Appellant.

*Criminal law—Embezzlement—Possession of employer—Section 107, Act of March 31, 1860, P. L. 408—Evidence—Return of money.*

Since the enactment of the 107th section of the Act of March 31, 1860, P. L. 408, it is not a necessary element of an embezzlement of the property of an employer by his clerk that the chattel, money or other security should have been received into the possession of the employer, otherwise than by the actual possession of the clerk.

An indictment, supported by competent evidence that the defendant, while engaged as clerk, servant and bookkeeper for the prosecutors, did receive, by virtue of his employment, certain moneys, and did fraudulently embezzle and convert the same to his own use, is sufficient to sustain a conviction of embezzlement.

Upon the trial of an indictment for embezzlement papers, showing receipts and expenditures which have been partially destroyed and concealed, in order that incorrect returns might be substituted for them, are admissible in evidence against the defendant who destroyed and concealed them.

The fact that the defendant charged with embezzlement returned the money did not wipe out the offense so as to entitle him to have binding instructions in his favor.

Argued April 11, 1922. Appeal, No. 54, April T., 1922, by defendant, from judgment of Q. S. Crawford Co., Nov. Sessions, 1920, No. 21, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Leon Paul Diamond. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for embezzlement. Before PRATHER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, rulings on points submitted, and the judgment and sentence of the court.

*F. J. Thomas,* and with him *Otto Kohler,* for appellant.

*Albert L. Thomas,* and with him *August Delp,* District Attorney, for appellee.

OPINION BY PORTER, J., July 13, 1922:

The indictment charged that the defendant was employed by the prosecutors as a clerk, servant and bookkeeper and that he did by virtue of such employment re-

ceive and take into his possession, for and in the name of his said employers certain moneys and did fraudulently embezzle and convert the same to his own use. The trial resulted in a verdict of guilty and from the judgment on that verdict the defendant appeals.

Counsel for the appellant has stated the first and second questions involved to be: "First. Was the offense charged embezzlement?" and "Second. Did the evidence justify a conviction?" The facts charged in this indictment and the evidence offered to support it would not have been sufficient to warrant a conviction at common law. At common law it was not larceny in a clerk or other employee, to convert to his own use property received by him for the use of his employer, which had never otherwise been in the possession of such master or employer, and where such clerk or employee had done no act to determine his original lawful and exclusive possession, as by depositing the goods in the employer's house, or some receptacle provided for the purpose. This defect in the common law was remedied by the Act of March 31, 1860, P. L. 408, section 107, as had long prior to that time been done by statute in England. The indictment in the present case is drawn in the language of the section of the statute mentioned, charges all the elements necessary to constitute the offense and must, under the provisions of the Criminal Procedure Code of March 31, 1860, P. L. 428, be held sufficient. The section of the statute upon which the indictment is founded enacts that clerks guilty of embezzlement of property of an employer, in a manner defined, shall be deemed to have feloniously stolen the property from the employer, "although such chattel, money or other security was not received into the possession of such master or employer otherwise than by the actual possession of his clerk . . . . . . and shall be punished as is provided in cases of larceny of like property." It matters not whether the offense be called felonious embezzlement or larceny. It may be that, in such a case, an indictment charging the larceny of the property could

be sustained, upon evidence that the property was taken in the manner by the section of the statute defined, but that is a question upon which we are not now called to pass. The defendant is properly advised of the nature of the charge when the indictment sets forth all the facts which the statute provides shall constitute the offense. It is not necessary that the indictment should charge that the defendant feloniously stole the property; that is a conclusion of law arising out of the finding of the "fraudulent embezzlement," and the concluding words of the section refer to the punishment of the offense. This indictment charged a criminal offense and the evidence in the case fully warranted a conviction of that offense. The assignments of error to which the first and second questions stated to be involved refer are dismissed.

The third question stated to be involved refers to certain rulings of the court upon the admission of evidence and its answers to points submitted by the defendant. We have examined with care the assignments of error which are supposed to raise this question, and find in them no merit. The exhibits which were offered in evidence showing the receipts and expenditures of the hotel, where the defendant was employed, had been made up by the defendant; some of them disclosed errors in the addition of the columns of money paid out by him, others had been torn up by him and placed in a stove in a room which he occupied and for these he had substituted in the records of the hotel incorrect returns. When confronted with these slips by his employers he admitted the shortages and took his employers to the places where he had concealed the money which he had embezzled, and the exhibits were properly received in evidence. The third and fourth assignments of error, which refer to rulings of the court on admission of evidence, are not supported by any exception taken in the court below. The fifth assignment is defective, for the reason that it does not set forth the evidence admitted under the ex-

ception.   We have, however, examined the evidence admitted under these exceptions and are not convinced that the rulings were erroneous.   It was entirely proper for the Commonwealth to introduce evidence showing the manner in which the defendant had made up the record of receipts and expenditures for the purpose of establishing that the shortages on the days charged in the indictment were not the result of some honest mistake, but were incidents of a regular system devised for the purpose of defrauding the employers, and the sixth, seventh and eighth assignments of error are dismissed.

The assignments of error which refer to the charge of the court are supported only by a general exception. They complain of the language of the court in referring to the testimony in the case.   If these references to the testimony were incorrect, it was incumbent upon counsel for the defendant to at once call the attention of the court to them and the mistakes would no doubt have been promply rectified.   The defendant was a witness in his own behalf, he admitted that he had taken the money and retained it until he was confronted by evidence of his wrongdoing.   He attempted to justify the misappropriation of the funds of his employers by the declaration that he took the money because of the instructions of Miss Minnie McGuire, one of the owners of the hotel, who were his employers, to hold as an emergency fund and that he meant to give it back to the owners through Miss McGuire.   He said that Miss McGuire told him not to say anything to the other employers about it.   This was the controlling fact in the case, the employment being admitted, the receipt of the money in the course of the employment being admitted, and the taking of the money being admitted.   Miss McGuire was called as a witness in rebuttal and testified absolutely that she had never given any such instructions and knew nothing about it.   The defendant submitted a point requesting the court to charge that; if the defendant took the money pursuant to a request by Miss Minnie McGuire to do so; that he

held said amount subject to her direction, that he turned it over to Don McGuire immediately either voluntarily or when asked so to do, and that he took no money from the prosecutors thereafter, then he was not guilty of the offense charged in the indictment; which point the court affirmed. This properly left to the jury the only question of fact really involved. The request of the defendant for binding instructions in his favor was properly refused. The fact that the defendant returned the money, after he was charged with the embezzlement and knew the employers had the evidence of his guilt, did not wipe out the offense. When a thief is caught with the goods which he has carried away and surrenders the possession to the owner, he does not thereupon become not guilty of the larceny.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.